# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **ALLISON M. OGBURN and** | : | |
| **WILLIAM L. OGBURN,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION FILE** |
| **v.** | : | **NO. 1:11-CV-03460-TWT-AJB** |
| | : | |
| **BRANCH BANKING & TRUST** | : | |
| **COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER FOR SERVICE OF
## REPORT AND RECOMMENDATION

Attached is the Report and Recommendation of the United States Magistrate

Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b),

N.D. Ga. R. 72.1(B), (D), and Standing Order 08-01 (N.D. Ga. June 12, 2008). The

Clerk is **DIRECTED** to serve upon  counsel for the parties and directly upon any

unrepresented parties a copy of the Report and Recommendation and a copy of this

Order.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any,

to the Report and Recommendation within **fourteen (14)** days of service of this Order.

Should objections be filed, they shall specify with particularity the alleged error(s)

made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this  4th   day of   May  , 2012.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/8
2)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **ALLISON M. OGBURN and** | : | |
| **WILLIAM L. OGBURN,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION FILE** |
| **v.** | : | **NO. 1:11-CV-03460-TWT-AJB** |
| | : | |
| **BRANCH BANKING & TRUST** | : | |
| **COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## NON-FINAL REPORT AND RECOMMENDATION

Currently before the Court are Plaintiffs' Motion for Default Judgment, [Doc. 7], and Defendant's Motion to Dismiss Plaintiffs' Complaint, [Doc. 5]. For the reasons that follow, the undersigned **RECOMMENDS** that Plaintiffs' motion for default judgment, [Doc. 7], be **DENIED**, and **that** Defendant's motion to dismiss the complaint, [Doc. 5], be **GRANTED IN PART and DENIED IN PART**.

## I. Background[1]

On April 9, 1999, Plaintiff Allison M. Ogburn obtained a residential mortgage

loan through non-party Webb Lauris, Inc., for purchase of the property located at

---

[1] As it must when deciding a motion to dismiss, the Court accepts as true the well-pleaded facts set forth in Plaintiffs' complaint, [Doc. 1-1], and construes those facts in the light most favorable to Plaintiffs. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."). The Court, however, is not required to accept Plaintiffs' legal conclusions. *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Nor will the Court "accept as true a legal conclusion couched as a factual allegation." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiffs do not challenge the authenticity of the loan documents attached to Defendant's motion to dismiss, the Court considers those documents in addition to the well-pleaded allegations in Plaintiffs' complaint. *See Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005) (finding that a court may consider documents attached to the complaint and the motion to dismiss without converting the motion to dismiss to a motion for summary judgment if "the attached document is (1) central to the plaintiff's claim and (2) undisputed," and noting that a document is "undisputed" when its authenticity is unchallenged); *Arango v. U.S. Dep't of the Treasury*, 115 F.3d 922, 923 n.1 (11th Cir. 1997) ("Documents attached to and incorporated into the complaint were properly before the district court on a motion to dismiss."); *Clark v. Bibb Cnty. Bd. of Educ.*, 174 F. Supp. 2d 1369, 1370 (M.D. Ga. 2001) ("A court evaluating a motion to dismiss for failure to state a claim upon which relief can be granted . . . may . . . consider any attachments to the complaint, matters of public record, orders, and items appearing in the record.").

AO 72A
(Rev.8/8
2)

4964 Waterport Way, Duluth, Georgia 30096 ("the Property").[2]  [Doc. 1-1 at 2-3;

Doc. 5-2].  The same day, Webb Lauris assigned the note and security deed associated

with the loan to non-party Liberty Mortgage Corporation.[3]  [Doc. 5-2 at 9].  The note

was transferred to Defendant Branch Banking and Trust Company ("BB&T") shortly

thereafter.  [Doc. 1-1 at 3].  On August 22, 2011, Liberty Mortgage Corporation

assigned the security deed to Defendant BB&T.[4]  [Doc. 5-2 at 10].

Plaintiffs had always made the monthly mortgage payments at a local BB&T

branch and collected payment receipts from the bank teller.  [Doc. 1-1 at 3].  Plaintiffs

fell upon financial hardship over the past several years and filed for bankruptcy in the

fall of 2010.  [Doc. 1-1 at 3-4].  They continued to make payments on the mortgage to

BB&T at the local branch before, during, and after the bankruptcy proceedings and

discharge.  [*Id*. at 4].  BB&T failed to appear at Plaintiff Allison Ogburn's bankruptcy

creditors hearing.  [*Id*. at 4].  BB&T never filed for relief from the bankruptcy stay and

---

[2]     The security deed was recorded at Deed Book 18226, page 0141, in the Superior Court of Gwinnett County, Georgia, on April 22, 1999.  [Doc. 1-1 at 3; Doc. 5-2 at 2].

[3]     The assignment was recorded at Deed Book 18226, page 0149, in the Superior Court of Gwinnett County, Georgia, on April 22, 1999.  [Doc. 5-2 at 9].

[4]     The assignment was recorded at Deed Book 50837, page 0772, in the Superior Court of Gwinnett County, Georgia, on August 25, 2011.  [Doc. 5-2 at 10].

AO 72A
(Rev.8/8
2)

never contended that payments for the mortgage were in arrears. [*Id*. at 4]. After the bankruptcy discharge in April 2011, Plaintiffs continued making monthly payments at BB&T's local branch and continued to receive receipts for the payments. [*Id*. at 4]. At all times, Plaintiffs intended to keep the Property, and they believe they made all required payments. [*Id*. at 4].

Nevertheless, Plaintiffs received from BB&T a "notice to help with mortgage payment" dated June 23, 2011, and a "notice of referral to an attorney for foreclosure proceedings" dated June 30, 2011. [*Id*. at 4]. This was their first indication that their monthly payments had not been properly applied to their loan. [*Id*. at 4]. The June 23, 2011, letter contained instructions and requests to Plaintiffs to complete a "Borrower's Financial Statement," including a letter of hardship, a copy of their most recent pay stubs, and a copy of their most recent checking statements. [*Id*. at 5]. Plaintiffs supplied the requested information, including copies of their loan payment receipts, and had the local BB&T branch fax the completed information package to the requesting BB&T office and to BB&T's attorneys. [*Id*. at 5-6]. Plaintiffs also completed a financial information package sent by BB&T and Freddie Mac called the "Making Home Affordable Program." [*Id*. at 5]. The same branch-office BB&T employee faxed the information package to the requesting BB&T office. [*Id*. at 5]. By

4

AO 72A
(Rev.8/8
2)

letter dated August 2, 2011, BB&T stated "that it was in receipt of the request for Loss Mitigation and a review of the file indicates that we have a preliminary complete financial package for loan modification." [*Id*. at 5 (italics omitted)]. Meanwhile, Plaintiffs continued to make their monthly loan payments at the same local BB&T branch. [*Id*. at 5].

On July 20, 2011, Plaintiffs received an e-mail from BB&T's foreclosure attorney that provided a reinstatement quote in the amount of $11,882.60. [*Id*. at 5]. The e-mail stated that the money must be received by 2:00 p.m. on August 12, 2011, to keep the Property from being sold at foreclosure on September 6, 2011. [*Id*. at 6]. After many inquiries about the foreclosure notices, Plaintiffs learned in July 2011 that BB&T claimed that Plaintiffs were seven payments in arrears on their loan. [*Id*. at 6]. On or about August 25, 2011, Plaintiffs learned from BB&T's loss mitigation department that BB&T only had records of their loan payments through January 2011. [*Id*. at 6]. Plaintiffs again provided BB&T and its attorneys with copies of their payment receipts. [*Id*. at 6-7]. BB&T nevertheless continued with foreclosure proceedings, failed to give Plaintiffs a full accounting of their payments or the loan transaction history, and have not responded to their application for loan modification. [*Id*. at 7].

On September 2, 2011, Plaintiffs, who are proceeding *pro se*, filed suit in the Superior Court of Fulton County, Georgia.[5] [*Id*. at 1]. They allege claims for wrongful attempted foreclosure, fraud, and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. [*Id*. at 7-9]. They seek damages, costs, and attorneys' fees, and they request that the foreclosure sale be stopped or set aside. [*Id*. at 9-10].

BB&T was served with process on September 8, 2011. [Doc. 1 at 5]. On October 11, 2011, Defendant removed the action to this Court on the basis of federal-question and diversity-of-citizenship jurisdiction. [Doc. 1 at 2-4].

On October 18, 2011, Defendant filed the motion to dismiss that is presently before the Court. [Doc. 5]. Plaintiffs have not filed a response. [*See* Dkt.]. On November 23, 2011, Plaintiffs filed the motion for default judgment that is presently before the Court. [Doc. 7]. On November 28, 2011, Defendant responded to the motion for default judgment. [Doc. 8]. Plaintiffs did not reply. [*See* Dkt.]. The briefing periods having elapsed, the undersigned now considers the motions.

---

[5]     Fulton County assigned the matter Civil Action File No. 2011 CV 205313. [Doc. 1-1 at 2].

6

## II.    *Motion for Default Judgment*

Because it has the potential to moot the motion to dismiss, the Court first considers Plaintiffs' motion for default judgment.  Plaintiffs move for default judgment on the grounds that Defendant's notice of removal was untimely.  [Doc. 7].  Defendant argues that the notice of removal was timely and that Plaintiffs' motion should therefore be denied.  [Doc. 8].

The parties agree that Defendant was served on September 8, 2011.  [Doc. 7 at 1; Doc. 8 at 2].  Defendant removed the case to this Court on October 11, 2011.  [Doc. 1].  Plaintiffs contend that because the thirty-day deadline for filing the notice of removal fell on October 8, 2011—a Saturday—Defendant had only until October 10, 2011—the following Monday—to file its notice of removal.  [Doc. 7 at 1].  Defendant points out that October 10, 2011, was a court holiday, and therefore it had until October 11, 2011, to file its notice of removal.  [Doc. 8 at 1].

Pursuant to 28 U.S.C. § 1446(b), a defendant must file its notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  When the last day for making a filing falls on a Saturday, Sunday, or legal holiday, the time period "continues to run until the end of the next day

7

that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).  Columbus

Day is a legal public holiday that falls on the second Monday in October.

5 U.S.C. § 6103.   October 10, 2011, was the second Monday in October.

Because the filing period ended on a Saturday and the following Monday was a

court holiday, Defendant's notice of removal—filed the following Tuesday—was

timely filed.  The undersigned therefore **RECOMMENDS** to the District Judge that he

**DENY** Plaintiffs' motion for default judgment.  [Doc. 7].

### III.   *Motion to Dismiss Legal Standard*

A court will grant a Rule 12(b)(6) motion to dismiss if the complaint "fail[s] to

state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Under Rule 8

of the Federal Rules of Civil Procedure, a pleading states a claim when it contains, *inter*

*alia*, "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed R. Civ. P. 8(a)(2).  To determine whether a complaint fails to state a claim,

the Court must apply the standard announced by the Supreme Court in *Twombly*,

described as follows:

> [T]he pleading standard Rule 8 announces does not require detailed
> factual allegations, but it demands more than an unadorned, the-
> defendant-unlawfully-harmed-me accusation.   A pleading that offers
> labels and conclusions or a formulaic recitation of the elements of a cause

8

of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Iqbal*, 556 U.S. at 678-79 (alterations, citations, and internal quotation marks omitted).

A *pro se* complaint is construed more liberally than formal pleadings drafted by lawyers. *Ausar-El ex rel. Small, Jr. v. BAC (Bank of America) Home Loans*, 448 Fed. Appx. 1, 1 (11ᵗʰ Cir. Sept. 21, 2011) (citing *Powell v. Lennon*, 914 F.2d 1459, 1463 (11ᵗʰ Cir. 1990)). However, the Court may not "serve as de facto counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." *GJR*

AO 72A
(Rev.8/8
2)

*Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## IV.    Motion to Dismiss

Defendant moves to dismiss Plaintiffs' entire complaint.  [Doc. 5].  The Court first discusses Plaintiffs' failure to respond to the motion to dismiss.  The Court will then consider each of Defendant's arguments in the order in which they appear in the motion to dismiss.

### A.    The Effect of Plaintiffs' Failure to Respond

As previously noted, Plaintiffs did not respond to Defendant's motion to dismiss. [*See* Dkt.].  Under this Court's Local Rules, "[f]ailure to file a response shall indicate that there is no opposition to the motion."  LR 7.1B, NDGa; *Welch v. Delta Airlines, Inc.*, 978 F. Supp. 1133, 1148 (N.D. Ga. 1997) (Hull, J.).  The Court, however, may in its discretion waive a Local Rule. *Edwards v. Shalala*, 846 F. Supp. 997, 998 n.2 (N.D. Ga. 1994) (Freeman, J.).  Additionally, courts generally do not grant a motion to dismiss based on a *pro se* plaintiff's failure to respond to the motion. *Daniel v. United States*, 891 F. Supp. 600, 602 n.1 (N.D. Ga. 1995) (Hull, J.) (stating that a motion to dismiss for failure to state a claim cannot be granted on the basis that the plaintiff fails to respond); *Johnson v. Am. Meter Co.*, 412 F. Supp. 2d 1260, 1262 n.3 (N.D. Ga.

10

AO 72A
(Rev.8/8
2)

2004) (Carnes, J.) (addressing merits of motion to dismiss despite plaintiff's failure to timely respond to motion to dismiss); *see also In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (recognizing that in the Eleventh Circuit, "there is a strong policy of determining cases on their merits"). As a result, the undersigned addresses the merits of Defendant's motion despite Plaintiffs' failure to respond.

### B.    *Wrongful Attempted Foreclosure*

Defendant proffers two grounds for its argument that the Court should dismiss Plaintiffs' claim for wrongful attempted foreclosure. [Doc. 5-1 at 6]. First, it construes the wrongful attempted foreclosure claim as a claim for libel in connection with a debt and argues that because Plaintiffs have not alleged "special damages," their claim must fail. [*Id*. at 6-7]. Second, Defendant contends that its attempt to foreclose on the Property was simply an exercise of the contractual rights granted to it under the security deed and therefore cannot form the basis of a claim for wrongful attempted foreclosure. [*Id*. at 7-8].

To the extent that Plaintiffs' claim is truly a claim for wrongful *attempted* foreclosure, the complaint falls short of stating a plausible claim. To show wrongful attempted foreclosure, Plaintiffs "must establish 'a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and

11

that damages were sustained as a direct result of this publication.' " *Mayrant v. Deutsche Bank Trust Co. Ams.*, Civ. Action File No. 1:10-CV-3094-TWT, 2011 WL 1897674, at *2 (N.D. Ga. May 17, 2011) (quoting *Aetna Fin. Co. v. Culpepper*, 171 Ga. App. 315, 319, 320 S.E.2d 228 (1984)). Plaintiffs clearly state that they notified Defendant of its error in handling Plaintiffs' payments on the loan, [Doc. 1-1 at 5-7], and that Defendant nevertheless went forward with foreclosure proceedings in September 2011, [*id*. at 6-7]. The complaint also states that Defendant made a false and derogatory publication regarding their financial condition in association with the threatened foreclosure. [*See id.* at 7]. Plaintiffs therefore have pleaded facts sufficient to show a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition.

However, the complaint does not contain any facts supporting Plaintiffs' conclusory claim that they suffered damages as a direct result of the publication. [*See id., passim*]. Thus, the complaint fails to state a plausible claim for wrongful attempted foreclosure.

Nonetheless, reading Plaintiffs' complaint liberally, as the Court must do, particularly when considering a complaint filed by a *pro se* plaintiff, the Court finds that Plaintiffs have stated a plausible claim for wrongful foreclosure based upon breach

12

of contract by the creditor. *See Morgan v. Ocwen Loan Servicing, LLC*, 795 F. Supp. 2d 1370, 1377 & n.9 (N.D. Ga. 2011) (Totenberg, J.) ("A court may enjoin a nonjudicial foreclosure in a wrongful foreclosure action where the authority to foreclose is in question"); *Mayo v. Bank of Carroll Cnty.*, 157 Ga. App. 148, 149, 276 S.E.2d 660, 661-62 (1981) (analyzing a wrongful-foreclosure claim as a contract issue).

" 'Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury [she] sustained, and damages.' " *DeGolyer v. Green Tree Servicing, LLC*, 291 Ga. App. 444, 448, 662 S.E.2d 141, 147 (2008) (quoting *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371, 601 S.E.2d 842, 844 (2004)). A foreclosing party has the duty to exercise fairly the power of sale in a deed to secure a debt under O.C.G.A. § 23-2-114. *See Calhoun First Nat'l Bank v. Dickens*, 264 Ga. 285, 285, 443 S.E.2d 837, 838 (1994). Thus, there is a breach of duty if the foreclosing party violates provisions of the loan instruments or Georgia law. *See Heritage Creek*, 268 Ga. App. at 374, 601 S.E.2d at 846; *McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 132, 543 S.E.2d 755, 758 (2000).

13

" 'Powers of sale in deeds to secure debt are matters of contract, and they must be strictly construed, and will be enforced as written.' " *Sale City Peanut & Milling Co. v. Planters & Citizens Bank*, 107 Ga. App. 463, 463, 130 S.E.2d 518, 520 (1963) (citing *Verner v. McLarty*, 213 Ga. 472, 477, 99 S.E.2d 890, 894 (1957), *overruled in part on other grounds by Ward v. Watkins*, 219 Ga. 629, 135 S.E.2d 421 (1964)). In the case at hand, the provision of the security deed that granted power of sale, [Doc. 5-2 at 5], was, in effect, a contract that "gave the grantee the right to exercise the power of sale upon default in payment, and not before such default." *See Sale City Peanut & Milling Co.*, 107 Ga. App. at 463, 130 S.E.2d at 520. Plaintiffs allege that they made all payments required under the note, they notified Defendant that it had misapplied the payments, and yet Defendant moved forward with foreclosure proceedings based on Plaintiffs' alleged failure to pay. [Doc. 1-1 at 4-7]. Taking these allegations as true,

14

Plaintiffs therefore have plausibly alleged that Defendant initiated foreclosure proceedings prior to default, thereby breaching the contract.[6], [7]

For these reasons, the undersigned construes the complaint to have alleged a claim for wrongful foreclosure and **RECOMMENDS** to the District Judge that Defendant's motion to dismiss the claim be **DENIED** with respect to that claim.

Conversely, Plaintiffs' claim for wrongful attempted foreclosure is due to be dismissed for failure to state a claim. The Eleventh Circuit, however, requires that a *pro se* plaintiff be given an opportunity to replead a complaint before it is dismissed

---

[6]    The authority Defendant provides in support of its argument that it "merely exercised contractual rights under the note and security deed" concern plaintiffs who defaulted on their loans; because Plaintiffs allege that they made all of their scheduled payments, the cases are inapposite here. [*See* Doc. 5-1 at 7-8 (citing *Rome Bank & Trust Co. v. Kerce*, 140 Ga. App. 596, 600, 231 S.E.2d 464 (1976) and *Mayrant v. Deutsche Bank Trust Co. Ams.*, Civ. Action File No. 1:10-CV-3094-TWT, 2011 WL 1897674, at *2 (N.D. Ga. May 17, 2011)].

[7]    Although it is not clear whether the foreclosure was completed, this does not necessarily moot Plaintiffs' wrongful foreclosure claim. "[A] court may refuse to dismiss as moot claims in which the former controversy is one "capable of repetition, yet evading review.' " *Morgan*, 795 F. Supp. 2d at 1373. Here, there is no indication that Defendant has abandoned its pursuit of non-judicial foreclosure of the property. [*See* Doc. 1-1, Doc. 5-1, *passim*]. Under these circumstances, the undersigned does not recommend dismissing as moot Plaintiffs' claims for wrongful foreclosure at this time. *See Morgan*, 795 F. Supp. 2d at 1373; *cf. Mayrant*, 2011 WL 1897674 at *2 (granting summary judgment on a wrongful foreclosure claim when no foreclosure had occurred and none had been scheduled).

AO 72A
(Rev.8/8
2)

with prejudice if an amendment would not be futile. *See Langlois v. Traveler's Ins. Co.*, 401 Fed. Appx. 425, 427 (11th Cir. Oct. 22, 2010); *Taylor v. McSwain*, 335 Fed. Appx. 32, 33 (11th Cir. June 12, 2009); *Jeremiah v. Burnette*, 297 Fed. Appx. 854, 855 (11th Cir. Oct. 22, 2008). Because it is possible that Plaintiffs could allege facts showing that they sustained damages due to Defendant's knowing publication of derogatory and false information, the undersigned **RECOMMENDS** that Plaintiffs' claim for wrongful attempted foreclosure be **DISMISSED WITHOUT PREJUDICE**.

### C.    *Fraud*

Defendant contends that Plaintiffs' fraud claim is due to be dismissed because they did not plead the claim with the required particularity, they have not alleged the essential elements of a fraud claim, their reliance on Defendant's representations and omissions regarding the application of their loan payments was not reasonable, and Plaintiffs' relationship with Defendant did not trigger an "obligation to disclose." [Doc. 5-1 at 8-12].

To establish a fraud claim under Georgia law, a plaintiff must prove five elements: "false representation; scienter; intent to induce the plaintiff to act or refrain from acting; justifiable reliance; and damage proximately caused by

16

the representation." *JarAllah v. Schoen*, 243 Ga. App. 402, 403-04, 531 S.E.2d 778, 780 (2000); *see also Hertz Corp. v. Cox*, 430 F.2d 1365, 1367 (5ᵗʰ Cir. 1970)[8] (noting that under Georgia law, recklessness is legally equivalent to knowledge). Concealment of material facts may also provide grounds for a fraud claim when the defendant has a duty to disclose the facts. *Infrasource, Inc. v. Hahn Yalena Corp.*, 272 Ga. App. 703, 705, 613 S.E.2d 144, 146 (2005).

Rule 9(b) of the Federal Rules of Civil Procedure requires that when fraud is alleged, "a party must state with particularity the circumstances constituting fraud," and therefore claims of fraud are an exception to the notice-pleading requirements that generally apply to federal civil claims. The Eleventh Circuit has noted that "[p]articularity means that 'a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them.' " *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11ᵗʰ Cir. 2006) (quoting *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310 (11ᵗʰ Cir. 2002)) (alteration in

---

[8]    In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11ᵗʰ Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

AO 72A
(Rev.8/8
2)

original) (internal quotation marks omitted); *see also Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005). Because Plaintiffs are proceeding *pro se*, their complaint, " 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The particularity requirement of Rule 9(b), however, still applies to *pro se* litigants, even though courts generally will allow *pro se* litigants some leniency. *See, e.g.*, *Keane v. Keane*, No. 08-cv-10375(WCC), 2009 WL 1490686, at *5 (S.D.N.Y. May 27, 2009) (noting that while *pro se* pleadings are afforded more leniency, "they are still subject to dismissal where the pleadings fail to comply with Rule 9(b)").

The undersigned finds that Plaintiffs have alleged a claim for fraud with the particularity required under Rule 9(b). Plaintiffs state that (1) monthly in 2011, [Doc. 1-1 at 4]; (2) Plaintiffs made payments at the local BB&T branch and received receipts for payments having been made, [*id.*]; (3) Defendant did not notify them that Defendant's records nevertheless showed Plaintiffs were in arrears on the loan, [*id.*]; (4) Plaintiffs made numerous telephone calls and provided copies of the payment receipts to Defendant in the financial packages they provided, [*id.* at 6]; and (5) Defendant still requested additional loan payments, added charges, expenses, and

18

attorneys' fees, and pursued foreclosure of the Property, [*id*. at 7-8]. Thus, the undersigned finds that Plaintiffs sufficiently alleged the time, place, and substance of the alleged misrepresentations,[9] scienter or knowing misrepresentation, and damages stemming from the misrepresentations. The undersigned also finds that given Plaintiffs' allegations that they received and saved receipts for their payments and that numerous telephone calls were required before they learned that their 2011 payments had not been properly applied to the mortgage, [*id*. at 4, 6], Plaintiffs have plausibly alleged reasonable reliance on Defendant's representations.[10] Moreover, given

---

[9]    The undersigned is unconvinced by Defendant's argument that it had no duty to disclose that its records showed that Plaintiffs were in arrears on the loan. [*See* Doc. 5-1 at 11]. It is true that Georgia law generally holds that there is no confidential relationship between a creditor and debtor or a bank and its customer. *Savu v. SunTrust Bank*, 293 Ga. App. 683, 691, 668 S.E.2d 276, 282 (2008); *Moore v. Bank of Fitzgerald*, 225 Ga. App. 122, 126, 483 S.E.2d 135, 139 (1997). However, it does appear that under Georgia law, a bank has at least the duty to make truthful disclosures upon inquiry, *see James v. Crosthwait*, 97 Ga. 673, 25 S.E. 754, 756 (1896), and exercise ordinary care in managing customers' accounts, *see Eason Publ'ns, Inc. v. NationsBank of Ga.*, 217 Ga. App. 726, 728, 458 S.E.2d 899, 901 (1995), which, according to the complaint, Defendant did not do, [*see* Doc. 1-1 at 4, 6]. Because Defendant has not proffered any contrary authority that is directly on point, the undersigned does not recommend granting the motion to dismiss the portion of Plaintiffs' fraud claim that is predicated on "suppression of material facts."

[10]    Defendant cites numerous cases in which courts found that the plaintiffs had not reasonably relied on the defendant's misrepresentations. [*See* Doc. 5-1 at 10-11]. None of the cases, however, hold that a bank customer who makes loan payments in person at a branch and receives receipts for those payments may not

19

Plaintiffs' allegations that Defendant accepted their loan payments and then sent them past-due notices effectively demanding double-payment plus late fees even after Plaintiffs pointed out Defendant's mistake, the undersigned finds that Plaintiffs have sufficiently alleged Defendant's intent to induce them to act, [*id.* at 8]. *See Perrymond v. Lockheed Martin Corp.*, Civil Action File No. 1:09-cv-1936-TWT, 2010 WL 925178, at *1 (N.D. Ga. Mar. 9, 2010) (Thrash, J.) (in a case involving the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, stating that "Rule 9 allows state of mind to be alleged generally and the Plaintiff has done that."), *rejecting in part* 2010 WL 987218, at *15 (N.D. Ga. Feb. 3, 2010) (Baverman, M.J.) (Report & Recommendation) ("A statement that Global acted willfully or recklessly without more is a general allegation of the type prohibited under *Iqbal* and *Twombly*. The undersigned recognizes that Plaintiff cites to cases where a general allegation of willfulness was considered to be sufficient under notice pleading. These cases preceded, however, *Iqbal*.") (citation omitted).

For these reasons, the undersigned **RECOMMENDS** to the District Judge that he **DENY** Defendant's motion to dismiss with respect to Plaintiffs' fraud claim.

---

reasonably rely on those receipts as proof of compliance with the payment terms of the loan. [*Id.*]. Consequently, the undersigned does not recommend dismissal of Plaintiffs' fraud claim on this ground at this time.

AO 72A (Rev.8/82)

### D. FDCPA

Defendant also argues that Plaintiffs' claim under the FDCPA is due to be dismissed because "Plaintiffs utterly fail to identify the basis for their claim under the FDCPA." [Doc. 5-1 at 12]. Indeed, with regard to their FDCPA claim, Plaintiffs allege only that "[t]he acts and omissions of BB&T and their agents constitute numerous and multiple violations of the FDCPA with respect of Plaintiff [sic]." [Doc. 1-1 at 9]. This conclusory statement is insufficient to state a claim under the FDCPA.

Defendant also points out that Plaintiffs' FDCPA claim fails as a matter of law because the FDCPA applies only to "debt collectors" as that term is defined under the FDCPA, and Defendant was not a debt collector, but instead was the holder of the debt. [Doc. 5-1 at 13]. The undersigned agrees.

"The FDCPA imposes liability on 'debt collectors' who fail to comply with its provisions when collecting a 'debt.' " *Buckman v. Am. Bankers Ins. Co. of Fla.*, 115 F.3d 892, 894-95 (11th Cir. 1997) (citing 15 U.S.C. § 1692k). On the other hand, courts have concluded that creditors are generally not liable under the FDCPA. *See Nielsen v. Dickerson*, 307 F.3d 623, 634 (7th Cir. 2002) ("[C]reditors who are attempting to collect their own debts generally are not considered debt collectors under the [FDCPA]."); *N. Star Capital Acquisitions, LLC v. Krig*, 611 F. Supp. 2d 1324, 1335

AO 72A
(Rev.8/8
2)

(M.D. Fla. 2009); *Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1097-98 (C.D. Cal. 2006) (citing cases for the proposition that courts have routinely held that creditors who collect debts in their own name and whose business is not debt collection are not subject to the FDCPA); *Scott v. Wells Fargo Home Mortg., Inc.*, 326 F. Supp. 2d 709, 717 (E.D. Va. 2003).

According to the complaint, Defendant took assignment of Plaintiffs' note years ago, well before Defendant alleged default and initiated foreclosure proceedings. [Doc. 1-1 at 2]. There is also no allegation that Defendant is in the business of debt collection. [*See id., passim*]. Thus, according to the facts alleged in the complaint, it appears the Defendant was acting as a creditor. Because Plaintiff cannot bring a claim against a creditor under the FDCPA, the undersigned **RECOMMENDS** that the District Judge **DISMISS** the claim **WITH PREJUDICE**.

### E.     *Negligent or Intentional Infliction of Emotional Distress*

Finally, Defendant notes that although the complaint does not contain a formal count for negligent or intentional infliction of emotional distress, Plaintiffs appear to make such a claim as part of their fraud count. [Doc. 5-1 at 13 (referring to Doc. 1-1 at 9)]. Defendant argues that Plaintiffs cannot maintain an action for negligent infliction of emotional distress because Defendant's alleged conduct did not cause

Plaintiffs to suffer any physical impact. [Doc. 5-1 at 13-14]. It further contends that

Plaintiffs failed to allege facts sufficient to state a claim for intentional infliction of

emotional distress and that in any case, "the threatened foreclosure of the Property

pursuant to contractual rights under a deed to secure debt . . . cannot constitute the

'outrageous' and 'extreme' activity necessary to support a claim for intentional

infliction of emotional distress." [*Id*. at 14].

### 1.    *Negligent Infliction of Emotional Distress*

In Georgia, courts apply the "impact rule"

> to cases in which a party seeks to recover for emotional distress in a claim
> involving negligent conduct. The impact rule has three elements: (1) a
> physical impact to the plaintiff; (2) the physical impact causes physical
> injury to the plaintiff; and (3) the physical injury to the plaintiff causes the
> plaintiff's mental suffering or emotional distress. A party claiming
> negligent infliction of emotional distress must therefore show a physical
> impact resulting in physical injury.

*Clarke v. Freeman*, 302 Ga. App. 831, 836, 692 S.E.2d 80, 84 (2010) (quoting *Hang*

*v. Wages & Sons Funeral Home, Inc.*, 262 Ga. App. 177, 179-80, 585 S.E.3d 118, 120

(2003)). Alternatively, under the pecuniary-loss exception to the impact rule, damages

for mental pain and suffering may be allowable on a claim for negligent infliction of

emotional distress where there is a pecuniary loss resulting from an injury to the person

which is not physical, such as aggravated mental illness or injury to a person's

23

AO 72A
(Rev.8/8
2)

reputation. *Phillips v. Marquis at Mt. Zion-Morrow, LLC*, 305 Ga. App. 77, 76, 699 S.E.2d 58, 61 (2010) (citing *Nationwide Mut. Fire Ins. Co. v. Lam*, 248 Ga. App. 134, 137(2), 546 S.E.2d 283, 285 (2001)).

Here, Plaintiffs have not alleged an injury to the person, physical or not. [*See* Doc. 1-1, *passim*]. Nor have they alleged pecuniary loss resulting from a non-physical injury. [*Id.*]. Consequently, the undersigned finds that Plaintiffs have failed to allege a plausible claim for negligent infliction of emotional distress, and therefore, the claim is due to be dismissed.

### 2. *Intentional Infliction of Emotional Distress*

Under Georgia law,

> the burden which the plaintiff must meet in order to prevail [on a claim for intentional infliction of emotional distress] is a stringent one. To prevail, a plaintiff must demonstrate that: (1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. The defendant's conduct must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law.[11]

---

[11]    "If the evidence shows that reasonable persons might find the presence of extreme and outrageous conduct and resultingly severe emotional distress, the jury then must find the facts and make its own determination." *Pierce v. Wise*, 282 Ga. App. 709, 713 (2006) (citing *Yarbray v. S. Bell Tel. & Tel. Co.*, 261 Ga. 703, 706 (1991)).

AO 72A
(Rev.8/8
2)

*Steed v. Fed. Nat'l Mortg. Corp.*, 301 Ga. App. 801, 810, 609 S.E.2d 843, 851-52 (2009) (quoting *Frank v. Fleet Fin. Inc.*, 238 Ga. App. 316, 317-18, 518 S.E.2d 717 (1999)). " '[T]he conduct must inflict emotional distress so severe that no reasonable person could be expected to endure it.' " *Onbrand Media v. Codex Consulting, Inc.*, 301 Ga. App. 141, 152, 687 S.E.2d 168, 177 (2009) (quoting *Udoinyion v. Re/Max of Atlanta*, 289 Ga. App. 580, 583, 657 S.E.2d 644 (2008)). "Such does not include mere insults, indignities, threats, annoyances, petty oppressions, or other vicissitudes of daily living. Plaintiffs are expected to be hardened to a certain amount of rough language and to occasional acts that are definitely inconsiderate and unkind." *Jarrard v. United Parcel Serv., Inc.*, 242 Ga. App. 58, 59, 529 S.E.2d 144, 147 (2000); *see also Johnson v. Allen*, 272 Ga. App. 861, 866, 613 S.E.2d 657, 661 (2005) ("[T]asteless and rude social conduct is not actionable . . . .") (internal quotation marks omitted) (alteration added). "Claimants bear a heavy burden in establishing the type of extreme and outrageous conduct necessary to sustain a claim for intentional infliction of emotional distress." *Mears v. Gulfstream Aerospace Corp.*, 225 Ga. App. 636, 640, 484 S.E.2d 659, 664 (1997).

25

Contrary to Defendant's intimations, a wrongful foreclosure can support a claim for intentional infliction of emotional distress.[12] *See DeGolyer v. Green Tree Servicing, LLC*, 291 Ga. App. 444, 449, 662 S.E.2d 141, 147-48 (2008) ("In a wrongful foreclosure action, an injured party may seek damages for mental anguish in addition to cancellation of the foreclosure. Such action for damages for emotional distress is treated as an action for intentional infliction of emotional distress . . . .") (alteration, citations, and internal quotation marks omitted). Where a property owner informs the defendant that it is foreclosing wrongfully and the defendant nevertheless proceeds, a jury may infer that the defendant's conduct "intentionally, or at least recklessly, caused

---

[12] The cases Defendant cites in support of its argument that its actions cannot, as a matter of law, form a basis for a claim of intentional infliction of emotional distress are of little help here. [Doc. 5-1 at 14-15]. Neither *Miraliakbari v. Pennicooke*, 254 Ga. App. 156, 157, 561 S.E.2d 483 (2002), *Weaver v. Pizza Hut of Am., Inc.*, 298 Ga. App. 645, 650, 680 S.E.2d 668 (2009), nor *Discovery Point Franchising, Inc. v. Miller*, 234 Ga. App. 68, 73, 505 S.E.2d 822 (1998), have anything to do with wrongful foreclosure on residential property. While *Norwood v. Wachovia Bank, N.A.*, No. 1:10-CV-969-RWS-LTW (N.D. Ga. June 22, 2010), is at least a residential mortgage case, it is factually distinct from the case at hand. In *Norwood*, the plaintiff based his claim for intention infliction of emotional distress upon the distress inflicted by the defendant's representation that the warranty deed was being recorded even though the defendant did not intend to record the warranty deed. *Id.* [Doc. 11 at 10]. These cases are utterly incomparable with Plaintiffs' claim that Defendant–over Plaintiffs' protests–wrongfully declared default and pursued foreclosure of the home Plaintiffs had owned for nearly twelve years.

26

harm." *Id.*, 291 Ga. App. at 449; 662 S.E.2d at 148. Moreover, evidence of wrongful foreclosure may also constitute extreme or outrageous conduct. *Id.*

To state a plausible claim for intentional infliction of emotional distress, however, a plaintiff must also plead facts showing that the emotional distress he or she experienced was severe. *Steed*, 301 Ga. App. at 810, 609 S.E.2d at 851. The instant complaint contains no such allegations. [*See* Doc. 1-1, *passim*]. Consequently, Plaintiffs have also failed to sufficiently plead a claim for intentional infliction of emotional distress.

The undersigned therefore **RECOMMENDS** to the District Judge that he **GRANT** Defendant's motion to dismiss Plaintiffs' claims for negligent and intentional infliction of emotional distress. Because the claims fail not as a matter of law but as a matter of pleading, the undersigned **RECOMMENDS** to the District Judge that he **DISMISS** them **WITHOUT PREJUDICE**.

## V.    *Conclusion*

The undersigned **RECOMMENDS** that the District Judge **DENY** Plaintiffs' motion for default judgment. [Doc. 7]. The undersigned further **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED IN PART and DENIED IN PART**. [Doc. 5]. Specifically, the undersigned **RECOMMENDS** that (1) the motion to

27

dismiss be **DENIED** as to Plaintiffs' claims for wrongful foreclosure and fraud and **GRANTED** as to Plaintiff's claims for wrongful attempted foreclosure and negligent or intentional infliction of emotional distress and as to Plaintiffs' claims under the FDCPA; (2) Plaintiffs' claims for wrongful attempted foreclosure and negligent or intentional infliction of emotional distress be **DISMISSED WITHOUT PREJUDICE**; and (3) Plaintiffs' claim under the FDCPA be **DISMISSED WITH PREJUDICE**.

**IT IS SO RECOMMENDED**, this 4th day of May, 2012.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/8
2)