**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **ALLISON M. OGBURN and WILLIAM L. OGBURN,** : : : | |
| **Plaintiffs,** : : | |
| v. : : | **CIVIL ACTION FILE NO. 1:11-CV-03460-TWT-AJB** |
| **BRANCH BANKING & TRUST COMPANY,** : : : | |
| **Defendant.** : | |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

On September 2, 2011, Plaintiffs, who are proceeding *pro se*, filed suit in the Superior Court of Fulton County, Georgia.[1] [Doc. 1-1 at 1]. They alleged claims for wrongful attempted foreclosure, fraud, and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* [*Id.* at 7-9]. They sought damages, costs, and attorneys' fees, and they requested that the foreclosure sale be stopped or set aside. [*Id.* at 9-10].

---

[1] Fulton County assigned the matter Civil Action File No. 2011 CV 205313. [Doc. 1-1 at 2].

On October 11, 2011, Defendant removed the action to this Court, [Doc. 1 at 2-4], and on October 18, 2011, Defendant filed a motion to dismiss, [Doc. 5], and a motion to stay certain pretrial deadlines, [Doc. 4]. Plaintiffs did not file a response to either motion, [*see* Dkt.], and on November 21, 2011, the undersigned granted the motion to stay the pretrial deadlines until after the District Court ruled on the motion to dismiss, [Doc. 6]. Specifically, the Order stayed the parties' obligation to participate in the Rule 26(f) conference until sixteen days after the date Defendant was required to file its answer to the complaint and stayed the deadlines for making Rule 26.1 initial disclosures and filing the Rule 16.2 preliminary planning report and discovery plan until thirty days after the answer date. [*Id.*].

On November 23, 2011, Plaintiffs filed a motion for default judgment in which they argued that removal was untimely, [Doc. 7]. On November 28, 2011, Defendant responded to the motion for default judgment. [Doc. 8]. Plaintiffs did not reply. [*See* Dkt.].

On May 5, 2012, the undersigned entered a Report and Recommendation ("R&R") recommending that the District Judge deny Plaintiffs' motion for default judgment, deny Defendant's motion to dismiss Plaintiffs' claims for wrongful foreclosure and fraud, and grant Defendant's motion to dismiss the remainder of

2

Plaintiffs' claims. [Doc. 10 at 30]. Plaintiffs did not object to the R&R, and on June 15, 2012, the District Judge adopted the Order. [Doc. 11]. On June 29, 2012, Defendant filed its answer to the complaint. [Doc. 12].

On July 30, 2012, Defendant filed its initial disclosures, [Doc. 13], and its preliminary report and discovery plan, [Doc. 14]. Because Plaintiffs are proceeding *pro se*, the parties were allowed to file individual preliminary reports and discovery plans. *See* LR 16.2, NDGa. Plaintiffs, however, did not file initial disclosures or a preliminary report and discovery plan. [*See* Dkt.]. Accordingly, on July 31, 2012, the Court Ordered Plaintiffs to file initial disclosures, a preliminary report and discovery plan, and a certificate of interested persons within the following ten days.[2] [Doc. 15]. The Court further advised Plaintiffs that failure to comply with the Order would result in a the imposition of sanctions, which could include dismissal of the action or the striking of pleadings. [*Id.* at 2]. Over a month and a half has passed, and Plaintiffs have not filed a certificate of interested persons, an individual preliminary report and

---

[2] Defendants filed a certificated of interested persons on October 18, 2011. [Doc. 3]. Although Plaintiffs were also required to file a certificate of interested persons at the time of first appearance, LR 3.3(A), NDGa, they had failed to do so, [*see* Dkt.].

3

discovery plan, or initial disclosures, nor have they otherwise responded to the Court's Order. [*See* Dkt.].

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *See* Fed. R. Civ. P. 41(b); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374-75 (11th Cir. 1999) (per curiam); *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) (per curiam); *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Because dismissal is considered a drastic sanction, a district court may only implement it, as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice. *World Thrust Films,* 41 F.3d at 1456*; Kilgo*, 983 F.2d at 192 (citing a line of Eleventh Circuit cases that have consistently articulated this standard).

The Court considers Plaintiffs' behavior to constitute a clear pattern of wilful conduct, and not mere negligence. *Beavers v. Am. Cast Iron Pipe Co.*, 852 F.2d 527, 531 (11th Cir. 1988) (per curiam) ("A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum be

4

AO 72A
(Rev.8/82)

based on evidence of willful delay; simple negligence does not warrant dismissal."). The chronology of events set forth above demonstrates conclusively that Plaintiffs have chosen to allow this action to languish, and further, have chosen to ignore the directives of the Court.

In addition, the Court has considered lesser sanctions. Although the Court ordered Plaintiffs to comply within the ten days following entry of the Order, it allowed Plaintiffs approximately six weeks to comply before entering the instant Order. Plaintiffs still have not complied, and in fact, there is no indication on the docket that they have taken any steps to prosecute this action since November 2011, when they filed the motion for default judgment that the Court found to be utterly meritless. [*See* Doc. 10 at 9-10]. Indeed, they did not even file a brief in opposition to Defendant's motion to dismiss their action. [*See* Dkt.].

Most *pro se* plaintiffs in Plaintiffs' position advise the Court of either a misunderstanding of their legal obligations, or proffer some, usually personal, reason why compliance with the directives of the Court could not be fulfilled. The Court almost always extends the time within which a *pro se* litigant has to comply. Plaintiffs' failure to respond to this Court's Order to file a certificate of interested persons, an

5

individual preliminary report and discovery plan, and initial disclosures undercuts lesser sanctions as viable alternatives to dismissal.

The Court also has considered economic penalties against Plaintiffs as a lesser sanction. Although Plaintiffs may or may not be indigent, these penalties are unlikely to be collected nor are they likely to compel Plaintiffs to comply. If the Court's clear direction, careful preservation of Plaintiffs' claims in the face of Defendant's unopposed motion to dismiss, and ample leave to prosecute this voluntarily-brought case have not spurred Plaintiffs to action, the threat or imposition of monetary penalties similarly are inutile.

Accordingly, the undersigned **RECOMMENDS** that, pursuant to Federal Rule of Civil Procedure 41(b), Plaintiffs' complaint be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate reference to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this the 17th day of September, 2012.

**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

6